*897
 
 PER CURIAM.
 

 |!Writ Granted. The trial court erred in granting the defense motion to suppress. A law enforcement officer may approach any person and ask simple questions without a requirement of reasonable suspicion of criminal activity.
 
 State v. Sherman,
 
 05-0779, p. 7 (La.04/04/06), 931 So.2d 286, 291. Mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention.
 
 Id.
 
 An officer’s request for identification does not turn the encounter into a forcible detention unless the request is accompanied by an unmistakable show of official authority indicating to the person that he or she is not free to leave.
 
 I.N.S. v. Delgado,
 
 466 U.S. 210, 216, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984);
 
 Sherman,
 
 05-0779 at 7, 931 So.2d at 291.
 

 The distinction between a permissible encounter and a seizure was set forth in
 
 Florida v. Royer,
 
 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). The Court held that “law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions.... ”
 
 Id.
 
 The Court also noted that a permissible 12encounter is not converted into a seizure by “the fact that the officer identifies himself as a police officer, without more....”
 
 Id.
 

 In this case, as the defendant walked toward the police officer on a train
 
 *898
 
 station platform, the officer identified himself, displayed his badge, and asked the defendant if she would voluntarily speak with him. There was no coercion, and she was free to decline. After receiving her consent, he asked to see her ticket, which he viewed and returned. He then asked if he could inspect her luggage. She freely agreed to these requests. The consensual encounter did not rise to the level of a seizure or even an investigatory stop. Accordingly, the ruling of the trial court, granting the defendant’s motion to suppress is reversed, and the motion is hereby denied. This case is remanded for further proceedings.